UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael J. Mancell,                )
                                   )
            Plaintiff,             )
                                   )
v.                                 )          20-4174
                                   )
Eric Kunkel, *et al.*              )
                                   )
            Defendants.            )
                                   )
                                   )

## Merit Review Order #2

The Court dismissed Plaintiff's original complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. (Doc. 7). The Court permitted Plaintiff an opportunity to amend his complaint to provide any additional information he wished the Court to consider. The matter is before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 8).

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to state a claim for relief that is plausible on its face. *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges in his amended complaint that Defendant Durant attempted to question his regarding a crime that she believed he had committed without permitting Plaintiff to speak with his lawyer. Plaintiff alleges that Defendant Durant informed him of the allegations after Plaintiff requested to speak with his lawyer and

threatened to send Plaintiff to more restrictive confinement if he did not comply. Plaintiff was permitted to return to his housing pod after this incident.

Plaintiff alleges that TDF officials later placed him in segregative confinement pending an investigation. Plaintiff alleges he did not have access to his property during this time, that he was later provided a hearing re: the confinement, and that he was later provided his religious material. Plaintiff alleges that the confinement exacerbated his mental illness, that he fears he may be accused of criminal acts in the future, and that "a source who shall remain anonymous and should be held in high regards" told him that "they are coming back" for him. Plaintiff does not allege that he requested, or was denied access to, mental health services.

For the reasons stated in the Court's previous merit review order, the Court finds that Plaintiff fails to state a constitutional claim. Plaintiff does not allege that he made coerced statements that were later used against him in a criminal proceeding, he does not allege facts sufficient to permit a plausible inference that he suffered an "atypical and significant" deprivation that would implicate due process concerns, and TDF officials were permitted to place him in temporary segregative confinement pending investigation of criminal activity. *Chavez v. Martinez*, 538 U.S. 760, 767 (2003); *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Holly v. Woolfolk*, 415 F.3d 678, 680-81 (7th Cir. 2005).

**It is therefore ordered:**

1. Plaintiff's Motion for Leave to File an Amended Complaint [8] is granted. Clerk is directed to docket the amended complaint attached to Plaintiff's motion.

2. Plaintiff's Petition to Proceed in forma pauperis [5] is denied.

3. Plaintiff's motion [9] is denied as duplicative. The motion appears to be a copy of Plaintiff's proposed amended complaint.

4. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

5. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

Entered this 17th day of November, 2020.

s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE